UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:25-cv-00911-SSS-KES | Date | April 16, 2025 |
|---|---|---|---|
| Title | *Yostin Sleiker Gutierrez-Contreras v. Warden, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING EX PARTE APPLICATION FOR APPOINTMENT OF COUNSEL AND PETITION FOR TEMPORARY RESTRAINING ORDER [DKT. 3, 4]**

On April 14, 2025, Petitioner Yostin Sleiker Gutierrez-Contreras filed an Ex Parte Application for Appointment of Counsel ("Application") [Dkt. 3] and a Petition for a Temporary Restraining Order ("TRO"). [Dkt. 4]. The Application and TRO are unopposed. For the reasons stated below, Petitioner's Application and TRO are **GRANTED.** [Dkt. 3, 4].

## I.    FACTUAL BACKGROUND

According to the Petition for Writ of Habeas Corpus by Individual in Federal Custody (Doc. 1), Petitioner Yostin Sleiker Gutierrez-Contreras is a national of Venezuela who is currently being held at Desert View Annex immigration detention facility in Adelanto California. [Dkt. 1].

On March 14, 2025, the President of the United States issued Proclamation No. 10903, finding and declaring "that all Venezuelan citizens 14 years of age or older who are members of TdA [Tren de Aragua], are within the United States, and

are not actually naturalized or lawful permanent residents of the United States are liable to be apprehended, restrained, secured, and removed as Alien Enemies." Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua, 90 Fed. Reg. 13033 (March 14, 2025). Petitioner alleges that on May 13, 2024, he was enrolled in biometric ICE reporting and directed to enroll in intensive ICE supervision in San Bernadino, California. [Dkt. 1]. On September 6, 2024, Petitioner reported to the Enforcement and Removal Operations ("ERO") in San Bernadino, California. [*Id.*]. ERO took photos of petitioner's tattoos and, apparently on the basis of those tattoos alone, concluded petitioner had a possible affiliation with Tren de Aragua ("TdA"), a purported criminal organization or "gang." [*Id.*]. Nonetheless, ERO allowed Mr. Gutierrez-Contreras to remain on supervision and Petitioner vigorously disputes any TdA affiliation. [*Id.*].

On April 12, 2025, Petitioner's counsel, through Spanish translation, was notified by the Petitioner that on March 19, 2025, ICE officials indicated to him that he would be removed to El Salvador. [*Id.* at 6]. On April 14, 2025, the undersigned was notified by the petitioner's family that the petitioner had told them, at approximately 4:00 a.m. by phone, that ICE was planning on moving him from Desert View Annex to an unknown location. [*Id.*].

Petitioner requests that the Court appoint counsel for him as he does not speak fluent English and is detained with limited access to materials. [Application at 2]. Filing his Petition under 28 U.S.C. § 2241, Petitioner also requests that the Court issue a Temporary Restraining Order requiring notice prior to attempting to remove Mr. Gutierrez-Contreras from the country under the AEA. [TRO].

## II.     LEGAL STANDARD

*Ex parte* applications are "rarely justified." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492–93.

For the Court to grant an application for a TRO, plaintiff must show: (1) that he is "likely to succeed on the merits" of his underlying claim, (2) that he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the

balance of equities tips in his favor," and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

## III. DISCUSSION

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

The Supreme Court has established that individuals detained under the Alien Enemies Act "must receive notice ... that they are subject to removal under the Act[,]" and the "notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs." *Trump v. J. G. G.*, 604 U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2025 WL 1024097, at *2 (Apr. 7, 2025). In the present matter, the Court finds that the removal of Petitioner by the United States would cause immediate and irreparable injury to the removed individual, as he would be unable to seek habeas relief. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition which challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal). Furthermore, if the United States erroneously removed an individual to another country based on the Proclamation, a substantial likelihood exists that the individual could not be returned to the United States. *See Abrego Garcia v. Noem*, No. 25-1345, 2025 WL 1021113, at *4 (4th Cir. Apr. 7, 2025) (Thacker, J., concurring) (noting the United States' argument that a district court lacks the jurisdiction to compel the Executive Branch to return an erroneously-removed alien to the United States).

The Court finds that maintaining the status quo is required to afford the parties the ability to develop a fuller record for the Court to consider the request for relief as presented in the Petition for Writ of Habeas Corpus, and to prevent the immediate and irreparable injury that may occur with the immediate removal of any Venezuelan alien subject to the Proclamation. In addition, the Court finds that immediate and irreparable injury will result to the Petitioner before the

Respondents can be heard in opposition, thus requiring the consideration and issuance of this temporary restraining order.  As such, the TRO is **GRANTED**.  [Dkt. 4].

Additionally, the Court finds that Petitioner will be irreparably prejudiced if he is not appointed counsel in his case due to his limited ability to speak fluent English and access to resources in confinement.  Accordingly, the Application is also **GRANTED**.[1]  [Dkt. 3].

## IV.   CONCLUSION

In accordance with the above, pursuant to Federal Rule of Civil Procedure 65, it is **ORDERED THAT**:

Respondents are enjoined from transferring, relocating, or removing Petitioner from the Desert View Annex immigration detention; and

Respondents are enjoined from transporting Petitioner outside of Adelanto, California without an Order from the Court.

**IT IS SO ORDERED.**

---

[1] The Court reminds Petitioner of the importance of articulating the ex parte standard in any future application at the risk of denial.  *See* C.D. Cal. R. 7-19.