UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00911-SSS-KES | Date | April 28, 2025 |
| Title | Yostin Sleiker Gutierrez-Contreras v. Warden, et al. | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING RESPONDENTS' MOTION TO DISSOLVE [DKT. 12]**

On April 18, 2025, Respondents Warden, Andre Quinones, Todd M. Lyons, Kristi Noem, Pam Bondi, and Donald J. Trump ("Respondents") filed Motion to Dissolve Temporary Restraining Order Pursuant to FRCP 65 ("Motion").  [Dkt. 12].  The Motion is fully briefed.  [Dkt. 15(Opp.); Dkt. 17 (Reply)].  For the reasons stated below, the Motion is **GRANTED.**  [Dkt. 12].

I.     FACTUAL BACKGROUND

According to the Petition for Writ of Habeas Corpus by Individual in Federal Custody Petitioner Yostin Sleiker Gutierrez-Contreras is a national of Venezuela who is currently being held at Desert View Annex immigration detention facility in Adelanto California.  [Dkt. 1 at 3].

On March 14, 2025, the President of the United States issued Proclamation No. 10903, finding and declaring "that all Venezuelan citizens 14 years of age or older who are members of TdA [Tren de Aragua], are within the United States, and are not actually naturalized or lawful permanent residents of the United States are

liable to be apprehended, restrained, secured, and removed as Alien Enemies." Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua, 90 Fed. Reg. 13033 (March 14, 2025).  Petitioner alleges that on May 13, 2024, he was enrolled in biometric ICE reporting and directed to enroll in intensive ICE supervision in San Bernardino, California.  [Dkt. 1 at 5].  On September 6, 2024, Petitioner reported to the Enforcement and Removal Operations ("ERO") in San Bernardino, California.  [*Id*.].  ERO took photos of petitioner's tattoos and, apparently on the basis of those tattoos alone, concluded petitioner had a possible affiliation with Tren de Aragua ("TdA"), a purported criminal organization or "gang."  [*Id*.].  Nonetheless, ERO allowed Mr. Gutierrez-Contreras to remain on supervision and Petitioner vigorously disputes any TdA affiliation.  [*Id*.].

Petitioner alleges that although he had maintained perfect compliance on supervision, ERO reversed course and took him into custody on March 19, 2025.  [*Id*.].  Further, Petitioner states that on March 21, 2025, a complaint was filed in the criminal case alleging violations of 18 U.S.C. § 1546(a) and on March 26, 2025, Petitioner had his initial appearance and detention hearing in the criminal case.  [*Id*.].  At that time, the presiding magistrate judge ordered him released pretrial on conditions, but ICE officials took petitioner back into immigration custody and Petitioner has remained in immigration custody since that time.  [*Id*.].

On April 12, 2025, Petitioner's counsel, through Spanish translation, was notified by Petitioner that on March 19, 2025, ICE officials indicated to him that he would be removed to El Salvador.  [*Id*. at 6].  On April 14, 2025, Defendant's counsel was notified by Petitioner's family that Petitioner had told them, at approximately 4:00 a.m. by phone, that ICE was planning on moving him from Desert View Annex to an unknown location.  [*Id*.].

On April 14, 2025, Petitioner filed an *Ex Parte* Application for Appointment of Counsel ("Application") and a Petition for a Temporary Restraining Order Prior to Any Removal Under the Alien Enemies Act ("TRO").  [Dkt. 3, 4].  On April 16, 2025, the Court granted both the Application and the TRO ordering that Respondents are enjoined from transferring, relocating, or removing petitioner from the Desert View Annex immigration detention center or outside of Adelanto, California without an order from the Court.  [Dkt. 7 at 4].

## II.     LEGAL STANDARD

The standard for issuing a TRO is the same as that for issuing a preliminary injunction, which requires the plaintiff to establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id*. at 22.  The Ninth Circuit has held that " 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met."  See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011).  When a district court issues an *ex parte* temporary restraining order, the party against whom it was issued may move to dissolve it on two days' notice—or less, if the district court agrees.  Fed. R. Civ. P. 65(b)(4).

## III.    DISCUSSION

Respondents request that the order granting the TRO be dissolved pursuant to Fed. R. Civ. P. 65(b)(4) because (1) the Court did not have jurisdiction to grant said order, (2) the petitions were not properly served, and (3) the Court did not afford Respondents an opportunity to be heard on the subject.  [Motion at 4]. Petitioner responds that the Court should deny the Motion because Respondents have since returned Mr. Gutierrez-Contreras to the Central District, so the basis of their Motion is now moot.  [Opp. at 2].  In addition, Petitioner insists that Respondents "plainly had notice" of the TRO and the U.S. Attorneys' Office received a copy of the TRO via email on the day it was filed.  [*Id*. at 6].

A habeas petition brought under 28 U.S.C. § 2241 challenging detention must be brought against the immediate custodian and filed in the district in which the petitioner is detained.  The Supreme Court has made clear that in "core" habeas petitions—that is, petitions like the instant one that challenges the petitioner's present physical confinement—the petitioner must file the petition in the district in which he is confined (that is, the district of confinement) and name his warden as the respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004).

The Court notes that, at the time the initial Petition and TRO were filed, the evidence the Court had before it indicated that Petitioner was being held in the Desert View Annex facility in Adelanto, California.  With this understanding, the

Court found that it had jurisdiction over the case as the Central District of California was the Petitioner's district of confinement. *See Rumsfeld supra.* With the evidence the Court had before it at the time of filing, the Court properly exercised jurisdiction in granting Petitioner's TRO.

However, Respondents revealed in their Motion, for the very first time, that Petitioner was removed from Adelanto, California and was transported to Texas prior to the filing of the initial Petition. [Motion at 5]. The Court issued its order granting the TRO two days after the petition was filed and Respondents did not make any filing until two days after that date on April 18, 2025. [Motion]. Had Respondents timely opposed the TRO and provided the necessary information supporting their jurisdictional requirement, the Court may not have initially granted the TRO.

Nevertheless, the Court acknowledges, and Petitioner does not dispute, that Mr. Gutierrez-Contreras was not in Adelanto, California at the time the Petition was filed and instead was in Texas. As such, Petitioner's case was properly subject to the jurisdiction of the Northern District of Texas and the Court did not have jurisdiction to grant the TRO on April 16, 2025.

## IV.   CONCLUSION

In accordance with the above, the Motion is **GRANTED**, and the TRO is hereby **DISSOLVED**. [Dkt. 12].

The Court hereby **DENIES** the request for Respondents to have until April 28, 2025, to respond to the newly filed petitions in the related case No. 5:25-cv-00965. [Dkt. 17]. Instead, as articulated by Petitioner at the hearing, he intends to dismiss this matter and proceed in the related case 5:25-cv-00965-SSS. As such, Petitioner is directed to file any such dismissal by May 2, 2025.

**IT IS SO ORDERED.**